## HUDSON v. DAVIES, RICHBERG, TYD-INGS, BEEBE & LANDA et al.

United States District Court
S. D. New York.
Aug. 22, 1952.

Alexander C. Dick, New York City, for plaintiff.

Sullivan & Cromwell, New York City, for defendant Colonial Airlines, Inc.

Alexander & Green, New York City, for defendants Davies, Richberg, Tydings, Beebe & Landa and Alfons B. Landa.

KNOX, Chief Judge.

Inasmuch as plaintiff has failed to comply with the provisions of subdivision (b) of Federal Civil Rule 23, 28 U.S.C.A., his complaint against the defendants herein will be dismissed.

True enough, he alleges in paragraph 8 of his amended pleading that by reason of defendant Landa's domination of the directors of Colonial Airlines, Inc., a demand upon them, prior to the commencement of this action, to cause suit to be instituted by Colonial against the other defendants herein for the relief now sought would have been futile, and plaintiff refrained from making such demand.

To my mind, this allegation is not enough to enable plaintiff to displace the right of Colonial and its directors to take action for the redress of such wrongs, if any, as have been committed against the corporation.

For a considerable time prior to the development of the first alleged cause of action, plaintiff was. a vice-president of Colonial. He continued as such until September 4, 1951. From that date until October 31, 1951 he was one of its employees. He was aware of the identities of the directors of the company as well as that of Landa. He must have known of the contract made between Colonial and defendant law firm on or about April 5, 1950. Notwithstanding, he made no protest to Landa or any of the company's directors as to its impropriety until March 1952. If it be that a demand for proper action upon the part of the corporation and its directors would have been futile, plaintiff could have confirmed this fact by writing a letter to the officers and directors of the corporation.

Derivative actions, in my judgment, should not ordinarily be permitted to go to trial whenever there is a deliberate failure of the person who wishes to have charge of the lawsuit to comply with the provisions of the Federal Rules of Civil Procedure. Guth v. Groves, D.C., 44 F.Supp. 851.

In this connection, it may be said that if plaintiff desires to continue his litigation against the present defendants, it is not yet too late to comply with the requirements of subdivision (b) of Civil Rule 23.